B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Golden State Seafood, Inc. | **DEFENDANTS**<br>MMZ HOLDINGS, LLC; MANUK BOYAJIAN, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Charles L. Murray III, Esq. SBN 195053<br>8605 Santa Monica Blvd, PMB 82716<br>West Hollywood, CA 90069   Telephone: 213-627-5983 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor      ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Denial of Discharge 11 U.S.C. § 523(a)(2)(A) arising from California Civil Cove Section 3439.04(a)(1) and (2) actual intent constructive intent.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☒ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ in excess of 1,800,000.00 |
| Other Relief Sought<br>Recovery of assets or monetary judgment against Defendants | |

**B1040 (FORM 1040) (12/15)**

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>MMZ HOLDINGS, LLC. | BANKRUPTCY CASE NO.<br>2:21-bk-11230-WB | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Julia W. Brand | |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. | |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE | |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE<br>November 22, 2021 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Charles L. Murray III. | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

Charles L. Murray III, SBN 195053
**SERVICE ADDRESS:**
8605 Santa Monica Boulevard, PMB 82716
West Hollywood, California 90069
Telephone: 213-627-5983
Facsimile: 213-627-6051
cmurray@cm3law.com

Attorney for PLAINTIFF GOLDEN STATE SEAFOOD, INC.

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES DIVISI

| | |
|---|---|
| In re:<br><br>MMZ HOLDINGS, LLC,<br><br>                Debtor<br><br>―――――――――――――――<br><br>Golden State Seafood, Inc.<br><br>                Plaintiff,<br><br>                vs.<br><br>MMZ HOLDINGS, LLC; MANUK BOYAJIAN, an individual<br>                Defendants | Case. No:    2:21-bk-11230-WB<br><br>Adv. No.<br><br>Hon:  Julia W. Brand<br><br>Chapter 7<br><br>**PLAINTIFF'S COMPLAINT FOR:**<br><br>**1.  DENIAL OF DISCHARGE 11 U.S.C. § 523(a)(2)(A)**<br>**[arising under Ca. Civil Code § 3439, *et seq.*]**<br><br>**Status Conference:**<br>Date:      To Be Set by Summons<br>Time:      To Be Set by Summons<br>Location: |

**TO THE HONORABLE JULLIA W. BRAND, FEDERAL BANKRUPTCY JUDGE, AND TO DEBTOR AND ITS ATTORNEY OF RECORD, AND TO ALL INTERESTED PARTIES:**

Plaintiff and Creditor Golden State Seafood, Inc. (hereinafter "Plaintiff") as unsecured creditor to the bankruptcy estate of MMZ HOLDINGS, LLC ("Defendant") case No. 2:21-bk-11230-WB holding an unsecured and contingent claim in the amount of $1,800,000.00 respectfully represents and alleges with their Complaint seeking non-discharge under 11 U.S.C. § 523(a)(2)(A) of Debtor MMZ

1

HOLDINGS, LLC's debt owed to Plaintiff pursuant to certain fraudulent transfers under California Civil Code § 3439 *et seq* as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, 11 U.S.C. § 105, and 11 U.S.C. § 523, and Local Rules and Orders of the United States District Court for the Central District of California governing the reference and conduct of proceedings arising under or related to cases under Title 11 of the United States Code.

2. This adversary proceeding is a core proceeding under 28 U.S.C. § 157.

3. Venue is proper in this Court under 28 U.S.C. § 1409(a) as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this district.

4. This Adversary Proceeding arises out of and relates to the Chapter 7 bankruptcy case of MMZ HOLDINGS, LLC ("Defendant"), case No. 2:21-bk-11230-WB, on the docket of this Court. The Debtor/Defendant's bankruptcy case was commenced by the filing of a Voluntary Petition for Relief under Chapter 13 of Title 11 of the United States Bankruptcy Code, on May 11, 2017. The Court converted Debtor's case to Chapter 7 on or around August 11, 2017.

5. Plaintiff is an unsecured creditor with a contingent claim against the Debtor's Bankruptcy Estate in an amount of at least $1,800,000.00 arising from a fraudulent transfer of assets from RAINBOW, CORP, to Debtor/Defendant MMZ HOLDINGS, LLC relating to the Superior Court Case No. BC 573 954 (*GOLDEN STATE SEAFOOD, INC. v. TURUNZ TANIA PAESACHOV, et al*) and ensuing Judgment in favor of Plaintiff (the "State Court Action") and (the "State Court Judgment").

6. The Debtor Defendant's mailing address from the Court's Docket is: MMZ HOLDINGS, LLC 1217 Centinela Ave. Inglewood, CA 90302.

### STATEMENT OF STANDING.

7. The Plaintiff, as a creditor of the Debtor's bankruptcy estate, has standing to prosecute this Adversary Proceeding under 11 U.S.C. § 523 *et seq*.

### GENERAL ALLEGATIONS.

8. Plaintiff is informed and thereon believes and alleges the following facts to justify that their claim of approximately $1,800,000.00 not including additional attorneys' fees and any and all pre-

petition interest, against the Debtor/Defendant MMZ HOLDINGS, LLC and MANUK BOYAJIAN shall be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code for liability arising from fraudulent transfer of assets by Rainbow, Corp, to Debtor MMZ HOLDINGS, LLC, to hinder, delay or defraud Plaintiff's right to collect and benefit from its State Court judgment.

**FACTUAL ALLEGATIONS.**

9. Plaintiff and Creditor GOLDEN STATE SEAFOOD, INC. is a California corporation duly licensed and registered within the State of California by the Secretary of State of California.

10. RAINBOW CHILDRENS ACADEMY, INC., was a California Corporation, now represented as "suspended" on the California Secretary of State Website.

11. Defendant RAINBOW CHILDRENS ACADEMY CORP., is a California Corporation.

12. Debtor/Defendant MMZ HOLDINGS, LLC, is a limited liability company located in the City of Inglewood, in the County of Los Angeles, State of California.

13. Defendant MANUK BOYAJIAN is a manager, principal and agent of Defendant and DEBTOR MMZ HOLDINGS, LLC, and Defendant RAINBOW, CORP.

14. The true names and capacities, whether individual, corporate or otherwise of Defendants DOES 1 - 50, inclusive, are presently unknown to Plaintiff who therefore, sues said Defendants by such names. Plaintiff will ask leave of Court to amend this Complaint to insert the true names and capacities when the same are ascertained. Plaintiff is informed and believes and thereon alleges that each of the Defendants designated herein as a DOE is legally responsible and in some manner liable for the events and happenings herein referred to and caused damages proximately thereby to Plaintiff as herein alleged.

15. Plaintiffs are informed and believes, and thereon allege that the acts and omissions of the Defendants as alleged herein were undertaken as the agent, partner, joint venturer, employee, co-beneficiary, trustee, and/or representative of each of the remaining Defendants and within the scope of said relationships, and were authorized and ratified by the remaining defendants.

16. On or around March 21, 2012 Plaintiff obtained a monetary judgment in excess of $1,000,000 and granting Plaintiff twenty-two and three quarters percent (22.75%) ownership in

RAINBOW CHILDRENS ACADEMY, INC. ("RAINBOW, INC.") which entitled Plaintiff to ownership interest, benefit from income, and the right of first refusal to a sale of a lucrative property that had a long-term lease.

17. To hinder, delay or defraud Plaintiff's rights under the State Court judgment and officer and director of RAINBOW INC. conspired to form identical business entity and transferred all of its assets to mediate RAINBOW CHILDREN'S ACADAMY CORP., ("RAINBOW, CORP.") a corporation duly registered with the California Secretary of State. Included in this transfer was the right to receive profits from RAINBOW INC. and the right to purchase the lucrative real property property with a long term lease. RAINBOW CORP'S principal, agent and manager is defendant MANUK BOYAJIAN.

18. On or around February 27, 2015 Plaintiff filed a civil action in the Los Angeles Superior Court (Case No. BC 573 954) against TURUNZ TANIA PAESACHOV, an individual also known as SHARON PAESACHOV also known as TURUNZ TANIA SHAMULIOV; RAINBOW CHILDRENS ACADEMY CORP., a California Corporation; SOVALLIA WELLS an individual; EKATERINA BRANDO, an individual; MARINA ZODOYEN, an individual; SOFIA OVSOVICH, an individual, and DOES 1-50 that sought relief to recover property transferred from RAINBOW INC. to RAINBOW CORP under California's fraudulent transfer act, now renamed as the California Voidable Transaction Act, California Civil Code § 3439 *et seq* for both actual intent to defraud and constructive intent to defraud Plaintiff, *inter alia*, to keep assets out of the reach of Plaintiff. The matter to date has been continued several times and a judgment has not been rendered in such matter.

19. On January 14, 2019, during the litigation between Plaintiff and the above defendants to recover assets under California's Voidable Transaction Act, Plaintiff discovered that RAINBOW CORP was wholly owned by MANUK BOYAJIAN and the he had, as its' agent, principal and manager, MANUK BOYAJIAN, created MMZ HOLDINGS, LLC. and intentionally transferred a substantial amount of RAINBOW CORP'S assets to MMZ HOLDINGS, LLC. Thereby moving assets owed to Plaintiff out of the reach of Plaintiff during litigation and before Plaintiff could obtain a final fraudulent transfer judgment. RAINBOW CORP. and MANUK BOYAJIAN, intended on placing the assets of RAINBOW CORP. out of the reach of Plaintiff to hinder, delay or defraud Plaintiff. In addition RAINBOW CORP, through MANUK BOYAJIAN, did not receive equivalent value for the

1 | transfer of assets from RAINBOW CORP.

2 |     20.    On or about August 1, 2013 RAINBOW CORP entered into a 10 year lease with an option
3 | to extend for another 10 years. A material component of the lease agreement was that RAINBOW
4 | CORP reserved the option to purchase the valuable property.
5 |     21.    In or about December 2015, after Plaintiff filed a fraudulent transfer lawsuit against
6 | RAINBOW CORP, MANUK BOYAJIAN formed MMZ HOLDINGS LLC. MANUK BOYAJIAN
7 | was the sole owner and managing member of MMZ HOLDINGS LLC. MANUK BOYAJIAN
8 | through his LLC, MMZ HOLDINGS then acquired the real property which RAINBOW CORP was
9 | situated upon. The following month in January 2016 MANUK BOYAJIAN executed a self-dealing
10 | lease between RAINBOW CORP and MMZ HOLDINGS wherein MANUK BOYAJIAN was the
11 | signatory for both entities. The new lease between RAINBOW CORP and MMZ HOLDINGS
12 | increases the monthly rental amount by $20,000.00 per month wherein MANUK BOYAJIAN was
13 | ensuring that RAINBOW CORP neither acquired the real property and was siphoning approximately
14 | $240,000.00 per year to MMZ HOLDINGS.
15 |     22.    MANUK BOYAJIAN testified under the penalty of perjury in deposition that the
16 | acquisition of the property from the landlord being sold to MMZ HOLDINGS required "no money
17 | down" and that the rent payments between RAINBOW CORP to MMZ HOLDINGS constituted the
18 | mortgage payments. MANUK BOYAJIAN further testified that there was no agreement between
19 | RAINBOW CORP to do this and that the purchase was "just made with the understanding that, you
20 | know, us paying rent, and the old owner, who we were making monthly rent payments to, had agreed
21 | to sell us the property, or give us at least a right of first refusal to be able to buy the property".
22 | MANUK BOYAJIAN further testified that "And I advised, I said, you know, we're paying rent close
23 | to $20,000.00. If we acquire it, at least we don't waste money the money every month".
24 |     23.    Defendant MANUK BOYAJIAN, and MMZ HOLDINGS LLC., knew of the scheme to
25 | fraudulently transfer assets from RAINBOW CORP. to MMZ HOLDINGS, LLC., and encouraged and
26 | /or gave substantial assistance in effectuating the transfer of assets from state court defendant/debtor
27 | RAINBOW CORP. during litigation, including concealing the transfers, to Defendant MMZ
28 |

HOLDINGS, LLC.   Defendant MANUK BOYAJIAN at all times was acting as both entities managers, principal and agents.

24.  On or around February 16, 2021, before Plaintiff could obtain its judgment in the state fraudulent transfer case against RAINBOW CORP., transferee and recipient of RAINBOW CORP'S assets, Defendant MMZ HOLDINGS, LLC. filed for Chapter 11 bankruptcy.

25.  On or around August 6, 2021 this Court converted Debtor's Chapter 11 bankruptcy petition to Chapter 7.

**FIRST CAUSE OF ACTION**

**(Denial of Discharge - 11 U.S.C. § 523(a)(2)(A) Fraud Against**

**Defendants MANUK BOYAJIAN, MMZ HOLDINGS, LLC and Doe Defendants)**

**[Ca. Civil Code § 3439.04(a)(1)]**

26.  Plaintiffs incorporate by reference each and every allegation, including paragraphs 1-22 herein, as though fully set forth herein.

27.  Defendants MANUK BOYAJIAN, and MMZ HOLDINGS, LLC transferred all of the assets of RAINBOW CORP, to DEBTOR MMZ HOLDINGS, LLC. with the actual intent to hinder, delay or defraud Plaintiff.

28.  Defendants MMZ HOLDING LLC and MANUK BOYAJIAN acted with actual intent as they transferred all of the assets of RAINBOW CORP to Debtor MMZ HOLDINGS, LLC during litigation against RAINBOW CORP., initiated by Plaintiff to recover assets wrongfully transferred to RAINBOW CORP, to prevent Plaintiff from collecting and obtaining the benefit of his state court judgment.

29.  That Plaintiff was harmed as a result of the Defendants' conduct, and

30.  That Defendants conduct was a substantial factor in causing Plaintiff's harm.

31.  As a result of Defendants' conduct, Plaintiff has been damaged in an amount approximating in excess of $1,800,000.00 inclusive of compensatory, exemplary damages, and attorney fees and costs, and state based interest calculated at 10% per annum, and in a final amount to be determined at trial.

32. Pursuant to U.S.C. § 523(a)(2)(A), the Court shall except from the Debtor/Defendant discharge any debt:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

        (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

            (A) <u>false pretenses, a false representation, or actual fraud</u>, other than a statement respecting the debtor's or an insider's financial condition;

33. Plaintiffs are informed and thereon believes that as a result of the intentional fraudulent conduct committed by Defendants upon Plaintiff, said damages caused by Defendants approximating in excess of $1,800,000.00 inclusive of compensatory, exemplary damages, and state based interest calculated at 10% per annum, and in an amount to be determined at trial, should be declared exempted from discharge under 11 U.S.C. § 523(a)(2)(A).

## SECOND CAUSE OF ACTION

**(Denial of Discharge - 11 U.S.C. § 523(a)(2)(A) Fraud Against**

**Defendants MANUK BOYAJIAN, MMZ HOLDINGS, LLC and Doe Defendants)**

**[Ca. Civil Code § 3439.04(a)(2)]**

34. Plaintiffs incorporate by reference each and every allegation, including paragraphs 1-22 herein, as though fully set forth herein.

35. Defendants MANUK BOYAJIAN, and MMZ HOLDINGS, LLC transferred all of the assets of RAINBOW CORP, to DEBTOR MMZ HOLDINGS, LLC. with the constructive intent to hinder, delay or defraud Plaintiff.

36. Defendants MMZ HOLDING and MANUK BOYAJIAN acted with constructive intent as they transferred all of the assets of RAINBOW CORP to Debtor MMZ HOLDINGS, LLC during litigation against RAINBOW CORP., initiated by Plaintiff to recover assets wrongfully transferred to RAINBOW CORP, to prevent Plaintiff from collecting and obtaining the benefit of his state court

judgment. Defendants did not receive reasonable equivalent value in exchange for the transfer or obligation, which was made during litigation against RAINBOW CORP., that the transfer was concealed, and/or that the transfer was for all of RAINBOW CORP'S assets to MMZ HOLDINGS, LLC, and that RAINBOW CORP, became insolvent shortly thereafter.

37. That Plaintiff was harmed as a result of the Defendants' conduct, and

38. That Defendants conduct was a substantial factor in causing Plaintiff's harm.

39. As a result of Defendants' conduct, Plaintiff has been damaged in an amount approximating in excess of $1,800,000.00 inclusive of compensatory, exemplary damages, and attorney fees and costs, and state based interest calculated at 10% per annum, and in a final amount to be determined at trial.

40. Pursuant to U.S.C. § 523(a)(2)(A), the Court shall except from the Debtor/Defendant discharge any debt:

    (a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

        (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

            (A) <u>false pretenses, a false representation, or actual fraud</u>, other than a statement respecting the debtor's or an insider's financial condition;

41. Plaintiffs are informed and thereon believes that as a result of the constructive fraudulent conduct committed by Defendants upon Plaintiff, said damages caused by Defendants approximating $1,800,000.00 inclusive of compensatory, exemplary damages, and state based interest calculated at 10% per annum, and in an amount to be determined at trial, should be declared exempted from discharge under 11 U.S.C. § 523(a)(2)(A).

**AIDING AND ABETTING LIABILITY.**

42. At all times, Defendants MANUK BOYAJIAN, RAINBOW CHILDRENS ACADEMY CORP., a California Corporation, and MMZ HOLDINGS, LLC. were aware of the fraudulent transfers between RAINBOW CORP and MMZ HOLDINGS, LLC. as BOYAJIAN was the manager, agent and

principal for both entities. MANUK BOYAJIANand MMZ HOLDINGS, LLC gave substantial assistance and/or encouragement in facilitating the transfer of assets from RAINBOW CORP. to MMZ HOLDINGS, LLC.

**WHEREFORE,** Plaintiff Golden State Seafood, Inc. prays for judgment under Section 523(a)(2)(A) of the Bankruptcy Code against Defendants MANUK BOYAJIAN, RAINBOW CHILDRENS ACADEMY CORP., and MMZ HOLDINGS, LLC, as follows:

### ON THE FIRST CAUSE OF ACTION

43. That Plaintiff claim in the amount in excess of $1,800,000.00 against Defendant MMZ HOLDINGS, LLC. and in favor of Plaintiffs be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code, arising from intentional fraudulent transfers committed against Plaintiff; and/or

44. For a judgment for aiding and abetting liability against Defendant MANUK BOYAJIAN and MMZ HOLDINGS, LLC.

### ON THE SECOND CAUSE OF ACTION

45. That Plaintiff claim that totals in the approximate amount of $1,800,000.00 against Defendant MMZ HOLDINGS, LLC.and in favor of Plaintiffs be deemed non-dischargeable under Section 523(a)(2)(A) of the Bankruptcy Code, arising from constructive fraudulent transfers committed against Plaintiff; and/or

46. For a judgment for aiding and abetting liability against Defendant MANUK BOYAJIAN and MMZ HOLDINGS, LLC..

### AS TO ALL CAUSES OF ACTION.

47. For avoidance of the property of RAINBOW CORP, transferred to Defendant MMZ HOLDINGS, LLC, or/alternatively

48. For a money judgment against Defendants MMZ HOLDINGS, LLC, and/or MMZ HOLDINGS for the value of the assets transferred to Defendant MMZ HOLDINGS, LLC pursuant to Ca. Civil Code § 3439.08(b);

49. For all fees and costs as provided under the law; and

50. For all further relief and the Court deems just and proper.

Dated: November 22, 2021                    By: _____
                                                 *Charles L. Murray III*
                                                 CHARLES L. MURRAY III
                                                 Attorney for Plaintiff/Creditor
                                                 Golden State Seafood, Inc.